IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-cv-00797-CSC |
| | ) |
| CAPTAIN D's, LLC, | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## ANSWER

**Captain D's LLC** ("Captain D's" or "Defendant") responds to Plaintiff's Complaint as follows:

1. Defendant admits the material allegations in Paragraph 1 of the Complaint.

2. Defendant admits that it is a foreign corporation, that it is authorized to do business in Alabama, and that it sells beverages to customers as part of its business. To the extent that Paragraph 2 implies otherwise, Defendant denies same and demands strict proof thereof.

3. Paragraph 3 of the Complaint does not require a response by Defendant; however, to the extent one is deemed required, Defendant denies the material allegations in Paragraph 3 of the Complaint and demands strict proof thereof.

4. Defendant admits the material allegations in Paragraph 4 of the Complaint.

5. Defendant denies the material allegations in Paragraph 5 of the Complaint and demands strict proof thereof.

1/1366100.1

6. Defendant denies the material allegations in Paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendant admits that it was doing business in the City of Montgomery, Montgomery County, Alabama, on July 14, 2003, and that it sold food and beverages to customers as part of its business; however, to the extent that Paragraph 7 implies otherwise, Defendant denies the same and demands strict proof thereof.

8. Defendant denies the material allegations in Paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies the material allegations in Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the material allegations in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the material allegations in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant denies the material allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant denies the material allegations in Paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

15. As phrased, Defendant denies the material allegations in Paragraph 15 of the Complaint and demands strict proof thereof.

16. As phrased, Defendant denies the material allegations in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the material allegations in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the material allegations in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant denies the material allegations in Paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant denies the material allegations in Paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant denies the material allegations in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

23. Defendant denies the material allegations in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant denies the material allegations in Paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

26. Defendant denies the material allegations in Paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies the material allegations in Paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

29. Defendant denies the material allegations in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the material allegations in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

32. Defendant denies the material allegations in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the material allegations in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

35. Defendant denies the material allegations in Paragraph 35 of the Complaint and demands strict proof thereof.

36. Defendant denies the material allegations in Paragraph 36 of the Complaint and demands strict proof thereof.

37. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

38. Defendant denies the material allegations in Paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant denies the material allegations in Paragraph 39 of the Complaint and demands strict proof thereof.

40. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

41. Defendant denies the material allegations in Paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the material allegations in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

44. Defendant denies the material allegations in Paragraph 44 of the Complaint and demands strict proof thereof.

45. Defendant denies the material allegations in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

47. Defendant denies the material allegations in Paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the material allegations in Paragraph 48 of the Complaint and demands strict proof thereof.

49. Defendant denies the material allegations in Paragraph 49 of the Complaint and demands strict proof thereof.

50. Defendant denies the material allegations in Paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

52. Defendant admits that Plaintiff purports to base Count XII of his Complaint on the doctrine of respondeat superior; however, Defendant denies that it is liable under respondeat superior and denies all remaining allegations in Paragraph 52 of the Complaint.

53. Defendant denies the material allegations in Paragraph 53 of the Complaint and demands strict proof thereof.

54. Defendant realleges all prior paragraphs of this Answer as if set out here in full.

55. Defendant denies the material allegations in Paragraph 55 of the Complaint and demands strict proof thereof.

56. Defendant denies the material allegations in Paragraph 56 of the Complaint and demands strict proof thereof.

57. The unnumbered, WHEREFORE paragraphs in the Complaint do not require a response by Defendant; however, to the extent one is deemed required, Defendant denies the material allegations of same and demands strict proof thereof.

### Second Defense

Defendant avers that the Plaintiff's Complaint fails to state a cause of action against it.

### Third Defense

Defendant denies each and every material allegation in the Plaintiff's Complaint to the extent not admitted above and demands strict proof thereof.

### Fourth Defense

Defendant pleads the general issue.

### Fifth Defense

Defendant contests the injuries and damages alleged in Plaintiff's Complaint and demands strict proof of any alleged injury or damage.

### Sixth Defense

Defendant states that it is not indebted or liable to the Plaintiff in any manner or amount whatsoever.

### Seventh Defense

Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint may have been the actions, non-actions, or negligence, or a combination thereof, of a person or persons other than Defendant for whose actions, non-actions, or

negligence Defendant is in no way liable. Plaintiff is not, therefore, entitled to recover from Defendant in this action.

### Eighth Defense

Defendant states that the injuries and damages alleged in Plaintiff's Complaint may have been caused by an intervening, superseding action for which Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from Defendant in this action.

### Ninth Defense

Defendant avers the affirmative defense of contributory negligence.

### Tenth Defense

Defendant avers the affirmative defense of assumption of the risk.

### Eleventh Defense

Defendant states that Plaintiff has failed to mitigate her damages.

### Twelfth Defense

Defendant avers that the Plaintiff's claims may be barred by the applicable statute of limitations.

### Thirteenth Defense

Defendant asserts that Plaintiff's injuries and damages may have been the proximate consequence of the misuse of the products involved in this case.

### Fourteenth Defense

Defendant pleads lack of causal relation.

### Fifteenth Defense

Defendant asserts that the incident of which Plaintiff complains was a proximate consequence of the product at issue having been substantially and materially modified or altered.

**Sixteenth Defense**

Defendant pleads spoliation of evidence.

**Seventeenth Defense**

To the extent Plaintiff's Complaint seeks to make Defendants liable for punitive damages, Defendants adopt by reference the defenses, criteria, limitations, and standards are mandated by the United States Supreme Court in *BMW of North Am., Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), which was extended in *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), on the issue of punitive damages.

**Eighteenth Defense**

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

**Nineteenth Defense**

Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

**Twentieth Defense**

Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

### Twenty-First Defense

Any award of punitive damages against Defendants in excess of the limitations and criteria set forth in ALA. CODE §6-11-21 (1975) is impermissible, as that statute is constitutional and otherwise enforceable.

### Twenty-Second Defense

Any award of punitive damages against Defendants under the facts of this case would be impermissible for one or more of the following reasons.

(a) There are inadequate safeguards with respect to the imposition of punitive damages against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against Defendant would violate that amendment to the Constitution of the United States.

(b) The imposition of punitive damages against Defendants in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c) There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama. Accordingly, the imposition of punitive damages in this case against Defendants would violate both Constitutions.

(d) To subject Defendants to punitive damages under the facts of this case without some guarantee against future punishment for similar or related acts or omissions would violate the Constitution of both the United States and the State of Alabama.

(e) The imposition of substantial punitive damages in this case against Defendant would deprive Defendants of property without the due process of law in violation of the criteria set forth by the United States Supreme Court in *BMW of North America, Inc., v. Gore* and other cases.

(f) Defendants reserve the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(g) Under Alabama law, the imposition of punitive damages against Defendants would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(h) The imposition of punitive damages against Defendants would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(i) The imposition of punitive damages against Defendants would improperly penalize Defendants without the same safeguards afforded criminal defendants by the Constitutions of both the United States and the State of Alabama.

(j) Defendants adopt and incorporate the standards with respect to punitive damages set forth by the United States Supreme Court in *Cooper Industries, Inc., v. Leatherman Tools Group, Inc.* and other cases.

**Twenty-Third Defense**

Any award of punitive damages against Defendants under the facts of this case would be impermissible under ALA. CODE §6-11-20 (1975) and/or ALA. CODE §6-11-27 (1975).

**Twenty-Fourth Defense**

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

**Twenty-Fifth Defense**

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

**Twenty-Sixth Defense**

Defendant reserves the right to add any additional defenses as they become available.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Angela R. Rogers
Charles A. Stewart, III (STE067)
Angela Raines Rogers (RAI017)
**Bradley Arant Rose & White LLP**
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

**Attorneys for Defendant**
**Captain D's, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Farrow
The Anderson Law Firm
7515 Halcyon Pointe Drive
Montgomery, AL  36117
Email:  bfarrow@theandersonlawfirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.

Respectfully submitted,

s/ Angela R. Rogers
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: arogers@bradleyarant.com