RECEIVED
2005 AUG 19 P 2: 4 

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CW797-C |
| ) | Removed from the Circuit Court of |
| CAPTAIN D's, LLC; ) | Montgomery County, CV-05-1724 |
| et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.SC. §§ 1441 and 1446, **Captain D's LLC** ("Captain D's"), the only named defendant in this action, gives notice of the removal of this action from the Circuit Court of Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendant states as follows:

1. Defendant is the only named defendant in the civil action entitled <u>Alexander v. Captain D's LLC, et al.</u>, filed July 12, 2005, in the Circuit Court of Montgomery County, Alabama, Case No. CV-05-1724. Copies of all of process, pleadings, and orders served upon Defendants or contained in the clerk's records from the state court action are attached as Exhibit A.

2. Defendant was served with a copy of the Summons and Complaint on July 20, 2005 (see Exhibit A). Because this Notice of Removal is filed within thirty days of receipt of the Plaintiff's Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

3. Plaintiff is a citizen and resident of the State of Alabama. (Compl., ¶ 1.)

4. Captain D's LLC is, and was at the time of the filing of the Complaint, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Tennessee. As a result, Captain D's, LLC, is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama.

5. The Complaint purports to state claims against unnamed, fictitious defendants. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(a).

6. The amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Plaintiff does not request a specific amount of damages in the Complaint. When a plaintiff makes an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See, e.g., Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

8. Plaintiff's thirteen-count Complaint asserts liability under theories of strict liability in tort; breach of implied warranty of merchantability; negligence; wantonness; reckless misrepresentation; suppression; fraudulent misrepresentation; willful misrepresentation; willful deception; innocent misrepresentation; negligent reckless, or wanton hiring, supervision, and rentention; respondeat superior; and violation of the Deceptive Trade Practice Act. Plaintiff's claims arise out of her alleged consumption of a "bleach-like substance or sanitizing solution" after drinking "three big gulps" of a beverage served to her at Captain D's. (Compl. ¶ 4-5.) Plaintiff alleges that she consumed a substance that "can kill a human being" and that she has

suffered severe and serious personal injuries; medical, hospital, and related expenses; and lost wages.

9. Plaintiff seeks unspecified compensatory and punitive damages; however, given the nature of this claim and Plaintiff's request for punitive damages, a damage award in excess of $75,000 is very likely should Plaintiff prevail on her claims. In Shoney's, Inc. v. Pasley, 711 So. 2d 1026 (Ala. Civ. App. 1997), a plaintiff was awarded $75,000.00 in a case alleging that a restaurant served him bleach. In Flagstar Enterprises, Inc. v. Davis, 709 So. 2d 1132 (Ala. 1997), a case involving consumption of human blood at a restaurant, a jury awarded the plaintiff $100,000 in compensatory damages and $150,000 in punitive damages. Although the Alabama Supreme Court later reversed the verdict because the facts of that particular case were insufficient to support a finding of wantonness and an assessment of punitive damages, the compensatory damages alone were greater than $75,000.00. In Hall v. Dollar General, CV-99-0135, Circuit Court of Marengo County, a jury awarded $100,000.00 to a shopper who was splashed with a small bottle of liquid Drain-O. These cases are indicative of the amount of damages a jury would award if the Plaintiff prevails in this case.

10. Additionally, a review of mental anguish awards in Alabama also demonstrates that the value of Plaintiff's claims exceeds $75,000.00. See, e.g., Wal-Mart Stores, Inc. v. Thompson, 726 So. 2d 651 (Ala. 1998) ($100,000 compensatory damages award, part of which included damages for mental anguish, against retailer whose merchandise fell off shelf and hit plaintiff); Hatchcock v. Wood, 815 So. 2d 502 (Ala. 2001) (majority of $200,000 award to one plaintiff and $600,000 award to another plaintiff was compensation for mental anguish suffered after automobile accident); Liberty Nat'l Life Ins. Co. v. Daugherty, 840 So. 2d 152 (Ala. 2002) ($300,000 mental anguish award in slander case); Homes v. Brooks, 2001 WL 1520623 (Ala.

Nov. 30, 2001) ($138,000 mental anguish award for defects in special-order home); Williams v. Williams, 786 So. 2d 477 (Ala. 2000) ($200,000 mental anguish award for loss of employment due to fraud); Southern Energy Homes, Inc. v. Washington, 774 So. 2d 505 (Ala. 2000) ($375,000 mental anguish award for damage to custom-built home); Gray Brown-Service Mortuary, Inc. v. Lloyd, 729 So. 2d 280 (Ala. 1999) ($2 million mental anguish award for mistreatment of spouse's corpse); Life Ins. Co. of Georgia v. Johnson, 701 So. 2d 524 (Ala. 1997) (over $245,000 of $250,000 compensatory damages award represented damages for mental anguish in case involving unnecessary sale of medical coverage to plaintiff); and Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala 1995) ($3.5 million mental anguish award to three plaintiffs for fraud claims involving wrongfully failing to pay sales commissions). Thus, it is clear from the nature of Plaintiff's claims that the amount in controversy in this case exceeds $75,000.00.

11.   The Complaint alleges that Defendant knew that the beverage in question contained bleached and, therefore, is liable for intentional suppression and misrepresentation concerning the contents of the beverage. A review of recent fraud claims in Alabama shows that these claims alone place the amount in controversy in excess of $75,000.00. See, e.g., Whittaker v. Southwestern Life Ins. Co., CV-02-41, Circuit Court of Macon County (jury awarded $1,620,000,000 to plaintiff who alleged that insurance agent pocketed premiums and it was discovered that agent was a felon who had been sued before for the same behavior; McClain v. Metabolife, CV-01-801, Northern District of Alabama (one plaintiff was awarded compensatory damages of $150,000 on fraud count and punitive damages of $1,000,000 each for fraud and wantonness; another plaintiff was awarded punitive damages of $75,000 for fraud); Jones v. Warrior Pest Control, et al., CV-01-1037, Circuit Court of Tuscaloosa County (verdict for

4

$285,000 in case where plaintiff alleged that pest control company issued termite-free report to home buyer and failed to disclose a previous report that revealed an infestation); and Lanham v. John Deere, CV-99-0081, Circuit Court of Pickens County (verdict for $280,000 for plaintiff who alleged that manufacturer failed to disclose that its skidders were problematic).

12.    A review of punitive damages awards in Alabama establishes that the amount in controversy exceeds $75,000.00 even in cases where plaintiffs do not allege intentional behavior. See e.g., Kmart Corp. v. West, 779 So. 2d 1188 (Ala. 2000) (upholding $63,000 in compensatory and $250,000 in punitive for premises liability case); Kmart Corp. v. Peak, 757 So. 2d 1138 (Ala. 1999) (affirming awards of $100,000 in compensatory damages and $250,000 in punitive damages for premises liability case); Smith v. Pettway, Macon County Case No. CV-00-054 (February 6, 2003) (jury awarded $1,000,000 in compensatory damages in UIM case despite the Plaintiff's chiropractic bills of only $1,033); and Curtis and Arlena Taylor v. Land Air Transport, Macon County Case No. CV-01-224 (August 29, 2002) (jury awarded $500,000 to Plaintiffs in compensatory damages based on approximately $15,000 in medicals; no wantonness claim was presented to the jury).

13.    Finally, Plaintiff's Complaint makes a claim for damages under the Deceptive Trade Practices Act and seeks actual and treble damages, further increasing the value of the Plaintiff's claims.

14.    The law is well-established that the value of all claims by a plaintiff against a defendant can be added together to determine whether the requisite jurisdictional minimum exists. See, e.g., Bullard v. City of Cisco, 290 U.S. 179 (1933); Nickelson v. Nestles Milk Prods. Corp., 107 F.2d 17 (5th Cir. 1939); and 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3704 (1985 & 1995 Supp.). Each count of the Complaint seeks

5

compensatory and punitive damages and involves the clear potential of placing more than $75,000 in controversy. The combination of the demands contained in the thirteen counts of the Complaint, each of which purports to state distinct causes of action, compels the conclusion that more than $75,000 has been put in controversy by Plaintiff's Complaint.

15.  Because the amount-in-controversy exceeds $75,000 and because all parties properly joined and served are of diverse citizenship, this case has become a civil action of which the United States District Courts have diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, it is properly removable by Defendants pursuant to 28 U.S.C. § 1446(b).

16.  All properly joined and served defendants consent to and join in this Notice of Removal.

17.  Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and served upon counsel for all parties. A copy of this Notice of Filing Notice of Removal is attached hereto as Exhibit B.

18.  If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to undertake post-removal, jurisdictional discovery and to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, prays that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall effect the removal of this lawsuit to the United States District Court for the Middle District of Alabama, Northern Division, being the district for the county in which said action is pending.

Respectfully submitted,

*[signature]*

Charles A. Stewart, III (STE067)
Angela Raines Rogers (RAI017)
**Bradley Arant Rose & White** LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for Defendants
Captain D's, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Benjamin H. Farrow
The Anderson Law Firm
7515 Halcyon Pointe Drive
Montgomery, AL 36117

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address on this the 19 day of August, 2005..

*[signature]*

OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.