# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TAMMY ALEXANDER,           )<br>                                               )<br>     Plaintiff,                            )<br>                                               )<br>vs.                                         )     CASE NO. CV-05-____1724<br>                                               )<br>CAPTAIN D'S, LLC., Defendants "A,"  )<br>"B", "C," and "D," whether singular or plural, )<br>those persons, firms, corporations, or other )<br>entities whose wrongful conduct caused or   )<br>contributed to cause the injuries and damages )<br>to the Plaintiff, all of whose true and correct )<br>names are unknown to Plaintiff at this time, )<br>but will be substituted by amendment when  )<br>ascertained,                              )<br>                                               )<br>     Defendants.                        )  | |

## COMPLAINT

**COMES NOW** the Plaintiff Tammy Alexander, by and through counsel, and alleges and avers as follows:

### Statement of the Parties

1. Plaintiff Tammy Alexander is over the age of nineteen and a resident of Montgomery County, Alabama.

2. At all material times Captain D's, LLC, (hereinafter "Captain D's") was a foreign corporation organized and existing by virtue of the laws of Alabama, authorized to do business in the State of Alabama, and in the County of Montgomery, and was engaged in the business of selling or introducing into the stream of commerce beverage products intended for human consumption.

3. Fictitious Defendants, "A," "B," "C," and "D," whether singular or plural, those persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to

1


EXHIBIT A

Plaintiff at this time, but will be substituted by amendment when ascertained.

## Statement of the Facts

4. On or about July 14, 2003 at approximately 9:00 p.m. Plaintiff Tammy Alexander purchased an iced tea (hereinafter "beverage product") from Captain D's located at 5444 Old Atlanta Highway in Montgomery, Alabama.

5. Tammy Alexander took three big gulps from the sealed cup before realizing the iced tea was actually a bleach-like substance or a sanitizing solution.

6. Tammy Alexander reported the problem to the manager of the Captain D's ("Kim" and/or "Quanda") and immediately went to the hospital and contacted poison control.

## COUNT I

### (Strict Liability in Tort)

7. At all times mentioned in this Complaint, Captain D's was organized to do business and was doing business in the City of Montgomery, County of Montgomery, State of Alabama, and was engaged in the business of selling or introducing into the stream of commerce food and beverage products intended for human consumption.

8. On or about July 14, 2003, Plaintiff purchased or obtained a beverage product sold or placed into the stream of commerce by Captain D's.

9. The abovementioned beverage product was obtained by Plaintiff Tammy Alexander in substantially the same condition in which it was sold or placed into the stream of commerce by Captain D's.

10. The abovementioned beverage product was intended for human consumption, and

Captain D's knew that the product was to be consumed without inspection for defects.

11. The abovementioned beverage product was, at the time obtained by Plaintiff Tammy Alexander, unfit for consumption, defective, and unreasonably dangerous because it contained bleach, bleach like substance or other sanitizing solution.

12. As a direct and proximate result of consuming the aforementioned defective and unreasonably dangerous beverage product, Plaintiff Tammy Alexander suffered severe and serious personal injuries.

13. By reason of the foregoing, Plaintiff Tammy Alexander has suffered the following losses: medical, hospital, and related expenses, loss of income, etc.

**WHEREFORE**, Plaintiff Tammy Alexander demands judgment against Defendants in such an amount of compensatory damages as a jury may award, a separate amount of punitive damages commensurate with the Defendants actions relative to this case and the resulting damaged caused thereby.

## COUNT II

### (Breach of Implied Warranty of Merchantability)

14. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

15. Captain D's was a merchant with respect to food or beverage products, including the beverage product purchased by Plaintiff Tammy Alexander.

16. The beverage product was sold by the Captain D's and purchased by the Plaintiff

3

Tammy Alexander for human consumption.

17. Captain D's impliedly warranted that the beverage product was of good and merchantable quality and fit for human consumption.

18. The beverage product was unwholesome, deleterious to health, and unfit for human consumption because the bleach-like substance or other sanitizing solution can kill a human being. The product therefore breached the warranty of merchantability.

19. As a direct and proximate result of consuming the aforementioned unwholesome and deleterious beverage product, Plaintiff Tammy Alexander suffered severe and serious personal injuries.

20. By reason of the foregoing, Plaintiff Tammy Alexander, has suffered the following losses: medical, hospital, and related expenses, loss of income, etc.

21. On or about July 14, 2003, Plaintiff Tammy Alexander gave notice of breach of the implied warranty of merchantability to Captain D's night manager, "Kim," and/or "Quanda."

**WHEREFORE**, Plaintiff Tammy Alexander demands judgment against Defendants in such an amount of compensatory damages as a jury may award; a separate amount of punitive damages commensurate with the Defendants actions relative to this case and the resulting damaged caused thereby.

4

## COUNT III

### (Negligence)

22. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

23. At the aforesaid time and place, Captain D's and/or fictitious Defendants "A" and "B," negligently allowed the beverage product to be consumed by Plaintiff Tammy Alexander.

24. As a proximate consequence of Captain D's and/or fictitious Defendants "A" and "B's" negligence, Plaintiff Tammy Alexander was injured and damaged as follows: She suffered bodily injuries, she has suffered physical pain and will continue to do so in the future, she incurred medical bills, lost wages; and other related expenses and, has otherwise been injured or damaged.

**WHEREFORE**, Plaintiff Tammy Alexander demands judgment against Defendants in such an amount of compensatory damages as a jury may award; a separate amount of punitive damages commensurate with the Defendants actions relative to this case and the resulting damaged caused thereby.

## COUNT IV

### (Wantonness)

25. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

26. At the aforesaid time and place, Captain D's and/or Defendants "C" and "D" wantonly allowed the beverage product to be consumed by Plaintiff Tammy Alexander.

27. As a proximate consequence of Captain D's and/or Defendants "C" and "D's" wantonness, Plaintiff Tammy Alexander was injured and damaged as alleged in paragraph 24 above.

**WHEREFORE**, Plaintiff Tammy Alexander demands judgment against the Defendants in such an amount of compensatory damages as a court may award; a separate amount of punitive damages commensurate with the Defendant's actions relative to this case and the resulting damages

5

caused thereby.

## COUNT V

### (Reckless Misrepresentation)

28. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

29. The representations by Defendants that the beverage product was not harmful and fit for human consumption were reckless misrepresentations of material facts, done without regard to their truth or falsity, or made by Defendants by telling the Plaintiff that Defendants had knowledge that said representations were true, while not having such knowledge. The Plaintiff relied upon such representations and was deceived by such representations to her detriment.

30. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 25 hereinabove as a proximate consequence of Defendants' reckless misrepresentations.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus costs of this action.

## COUNT VI

### (Suppression)

31. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

32. Defendants suppressed from the Plaintiff the material fact that, the beverage product contained a bleach-like product or a sanitizing product. Defendants were under an obligation to communicate these material facts and so failed to communicate such facts to the Plaintiff. The failure of Defendants to disclose these facts to the Plaintiff was done intentionally, recklessly or

maliciously.

33. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of Defendants' suppression.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus costs of this action.

## COUNT VII

### (Fraudulent Misrepresentation)

34. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

35. The representations by Defendants, that the beverage product was not harmful and fit for human consumption, were fraudulent misrepresentations of material facts, done without regard to their truth or falsity, or made by Defendants by telling the Plaintiff that it had such knowledge that said representations were true, while not having such knowledge.

36. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of Defendants' fraudulent misrepresentation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus costs of this action.

## COUNT VIII

### (Willful Misrepresentation)

37. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

38. The representations by Defendants that the beverage product was not harmful and fit for human consumption were willful misrepresentations to conceal material facts, done in such a manner as to deceive and mislead the Plaintiff. The representations were made without regard to their truth or falsity, or made by Defendants by telling the Plaintiff that they had such knowledge that said representations were true, while not having such knowledge. The Plaintiff relied upon said representations in consuming the beverage product and was deceived by such representations to her detriment.

39. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of Defendants' willful deception.

**WHEREFORE**, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus costs

of this action.

## COUNT IX

### (Willful Deception)

40. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

41. Defendants willfully deceived the Plaintiff with intent to induce her to act to her detriment by suggesting as a fact that the beverage product was not harmful and fit for human

8

consumption which was not true but asserted for the purpose of the Plaintiffs believing it as true or asserted as true by Defendants who had no reasonable ground to believe it as true. The Plaintiff relied upon said representations in consuming the beverage product and was deceived by such representations to her detriment.

42. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of Defendants' willful deception.

**WHEREFORE**, Plaintiff demands judgment against Defendant, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus costs of this action.

## COUNT X

**(Innocent Misrepresentation)**

43. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

44. The representations by Defendants, that the beverage product was not harmful and fit for human consumption were innocent misrepresentations of material facts, done without regard to their truth or falsity, or made by Defendants by telling the Plaintiff that it had knowledge that said representations were true, while not having such knowledge. The Plaintiff relied upon such representations in the consumption of the beverage product and was deceived by such representations to her detriment.

45. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 13 hereinabove as a proximate consequence of Defendants' innocent misrepresentations.

9

**WHEREFORE**, Plaintiff demands judgment against Defendants, for compensatory damages in an amount a jury may deem just and appropriate under the circumstances, plus costs of this action.

## COUNT XI

### (Negligent, Reckless and/or Wanton Hiring, Supervision & Retention)

46. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

47. Defendants owed a duty to the Plaintiff of sufficient care in the training and supervising of its agents, representatives, employees and others such individuals conducting business on its behalf so as to ensure that the Plaintiffs' would not be mislead by its salesmen.

48. Defendants owed a duty to the Plaintiff of sufficient care in the hiring and retention of its agents, representatives, employees and other such persons conducting business on its behalf so as to ensure that the Plaintiff's would not be served bleach and/or a bleach-like substance and/or a sanitizing solution.

49. Defendants wantonly, recklessly and/or negligently failed to perform said duties of care so as to ensure that its agents, representatives, employees and other such persons conducting business on its behalf actually served beverage products fit for human consumption, constituting a breach of said duties of care, and the Plaintiff was injured as a proximate result of Defendants' wanton, reckless and/or negligent breach of said duties of care.

50. As a proximate and direct consequence of Defendants' conduct, the Plaintiff was caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of Defendants' actions and omissions.

**WHEREFORE**, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount a jury may deem just and appropriate under the circumstances, plus

costs of this action.

## COUNT XII

### (Respondeat Superiour)

51. Plaintiffs reallages all prior paragraphs of this Complaint as if set out here in full.

52. This count is based on the respondeat superior relationship between Captain D's and "Kim" and/or "Quanda" in that at all times material hereto, "Kim" and/or "Quanda" was an agent, employee or servant of Captain D's, acting within the line an scope of her employment.

53. Because "Kim" and/or "Quanda" was acting within the line and scope of her employment with Captain D's at all times material hereto, they are liable for her actions.

**WHEREFORE**, Plaintiff Tammy Alexander demands judgment against the Defendants in such an amount of compensatory damages as a court may award; a separate amount of punitive damages commensurate with the Defendant's actions relative to this case and the resulting damages caused thereby.

## COUNT XIII

### (Deceptive Trade Practices Act Violation)

54. Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

55. The Defendants represented to the Plaintiff that it was capable of selling a beverage product that was fit for human consumption. The Defendant's actions and omissions were unlawful trade practices in violation of §8-19-5(7) & (27), *Code of Alabama* (1975) in that a corporation engaged in the business of selling beverage products intended for human consumption in the exercise of reasonable diligence for someone licensed to perform such activities in the State of Alabama, should have known that such representations were untrue, deceiving and false.

56. As a proximate and direct consequence of Defendants' conduct, the Plaintiffs were caused to suffer the injuries and damages set forth in Paragraph 24 hereinabove as a proximate consequence of the Defendants' deceptive trade practices.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, for actual damages, treble damages, a reasonable attorney's fee and costs of this action.

**RESPECTFULLY SUBMITTED** this the 12th day of July, 2005.

_____
BENJAMIN H. FARROW (FAR040)
ATTORNEY FOR PLAINTIFF,
TAMMY ALEXANDER

OF COUNSEL:

THE ANDERSON LAW FIRM, L. L. C.
7515 Halcyon Pointe Dr.
Montgomery, AL 36117
(334) 272-9880

12