IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05-cv-00797-MHT-CSC |
| ) | |
| CAPTAIN D's LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

### Procedural History

On July 12, 2005 Plaintiff filed her complaint against Captain D's, LLC in the Circuit Court for Montgomery County, Alabama. On August 19, 2005 Defendant filed its Notice of Removal based on the court's diversity jurisdiction, 28 U.S.C. §1332(a) (Notice of Removal, paragraph 15). Defendant received full and complete responses from Plaintiff to its Interrogatories and Requests for Production on December 20, 2005. Defendant fully deposed Plaintiff on March 20, 2006. Plaintiff files this Motion to Remand.

### Law and Argument

Plaintiff filed this Motion to Remand based on its belief that Defendant can not support its claim that "the amount-in-controversy exceeds $75,000" (Notice of Removal, paragraph 15) as required by 28 U.S.C. §1332(a). When a jurisdictional amount requirement applies, the federal court must determine whether the matter in controversy in the case before it exceeds that

amount. Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence. *St. Paul's Indemnity Corp. v. Red Cab Co.*, 303 U.S. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction. *Lane v. Champion Internat'l Corp.*, 827 F.Supp. 701, 705 (S.D.Ala.1993). A removing defendant bears the burden of establishing the existence of federal jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). When the amount in controversy is in issue, the level of the defendant's burden of proof varies depending upon the allegations of plaintiff's state court complaint.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). Initially, the law regarding challenges to the amount in controversy developed in relation to cases originally brought in federal court. In its seminal case on the amount-in-controversy requirement, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the U.S. Supreme Court set forth the law as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls, if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* at 288-89, 58 S.Ct. 586.

In the rare instance where a defendant challenges diversity jurisdiction in a case originally filed in federal court, the burden is upon the plaintiff, as the party invoking jurisdiction, to prove "by a preponderance of the evidence that it does not appear to a legal certainty that [his] claim is really for less than the jurisdictional amount." *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir.1971). In other words, a plaintiff would satisfy his burden by proving, by a preponderance of the evidence, that he has the possibility of recovering more than the jurisdictional amount.

The deference given to the amount claimed by a plaintiff in his complaint has been extended to removal cases. First, in *St. Paul,* the U.S. Supreme Court applied the legal certainty test to cases removed from state court where the state court complaint stated a sum certain in excess of the federal jurisdictional amount. The logic for this extension is straightforward-it is presumed that a plaintiff does not claim a large amount in a case filed in state court in order to confer federal jurisdiction. *Id.* "Thus, when the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1315 (11th Cir.2002). Consequently, when the plaintiff's state court complaint demands an amount greater than the federal jurisdictional minimum, the burden on a removing defendant is much like the burden on a plaintiff who originally files a diversity action in federal court.

In *Burns v. Windsor,* 31 F.3d 1092 (11th Cir.1994), the Eleventh Circuit was confronted with the converse of *St. Paul*--the removal of a state court action wherein the state court complaint sought recovery of a specific amount of damages *below* the jurisdictional minimum. Finding that the normal rules did not fit such an "atypical case," the appellate court concluded

the amount in controversy more likely than not exceeds the [ ] jurisdictional requirement." *Id.* at 1357.

Thus, the burden a removing defendant must meet to prove the amount in controversy is related to the amount of deference given to the state court complaint. Generally, when a sum certain is stated, whether above or below the federal jurisdictional minimum, that assertion is given great deference, in large part, because of the presumption that plaintiff's counsel has acted in good faith in assessing damages. If the sum demanded in the complaint is above the jurisdictional minimum, a defendant's burden is light because it is unlikely that a plaintiff would falsely plead an amount that might result in removal from his chosen forum. On the other hand, if the sum demanded is below the jurisdictional minimum, a defendant's burden is heavy because it is presumed that plaintiff's counsel understands the implications of his representations and "is engaging in no deception." *Burns,* at 1095. When the state court complaint is indeterminate, then an intermediate burden is placed upon the removing defendant since there is no representation by plaintiff's counsel that would be entitled to deference. *Tapscott,* at 1356- 57.

In *Bolling v. Union National Life Insurance Company*, 900 F.Supp 400 (M.D. Ala. 1995) the court examined a case similar to the one *sub judice*. In *Bolling* the plaintiff's complaint omitted a specific *ad damnum clause*. Defendant removed the case to federal court and plaintiff filed its motion to remand.

The court found that the Eleventh Circuit did not appear to have addressed the issue of what to do when a plaintiff fails to claim a specific amount. The court specifically found that *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir.1994) did not apply because "that case did not involve the issue presented by cases in which the amount of damages sought by the plaintiff was unspecified." *Bolling, supra* at 404 n.5. The Court then held that:

in a diversity case where no specific amount of damages is claimed in the complaint filed in state court, the removing defendant's burden is to establish by a preponderance of the evidence that the amount in controversy is greater than [the jurisdictional limit] and that this may be done by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. *Id.* at 405.

Under Eleventh Circuit precedent, and *Bolling, supra* where the damages are unspecified, a removing defendant need not prove to a legal certainty that the plaintiff's claims must exceed the jurisdictional amount; rather, he bears a lighter burden to prove merely by a "preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott, supra* at 1357.

In the instant case, plaintiff's complaint did not allege a specific amount of damages. Thus, defendant must show by a preponderance of the evidence that plaintiff's damages exceed the jurisdictional requirement of $75,000 or the case is due to be remanded back to the Circuit Court for Montgomery County. Both attorneys have a duty of candor to the court in their assessments of its worth and relative merits. As the *Windsor, supra* at 1095 court noted:

> will not assume-unless given reason to do so-that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception.

What is good for the goose is good for the gander. Plaintiff requests that the defendant show by a preponderance of the evidence that they have an objective belief that this matter has a value in excess of $75,000.

Further, the Eleventh Circuit has stated that "[w]hile it is undoubtedly best to include all relevant evidence in the petition for removal," a district court may consider post-removal evidence in assessing the propriety of removal. *Sierminski v. Transouth Financial Corp.*, 216

F.3d 945, 949 (11th Cir.2000). See also *Fowler v. Safeco Ins. Co. of America,* 915 F.2d 616, 617 (11th Cir.1990) ( "Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal" (citing *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. Unit A 1981))). Since the defendant has fully deposed the plaintiff and plaintiff has responded to all Interrogatories and Requests for Production of Documents propounded by defendant, defendant is in the same position as plaintiff in evaluating the plaintiff's claim. As the party invoking the court's jurisdiction defendant should prove their allegations.

## Conclusion

For the foregoing reasons, Tammy Alexander respectfully submits that she is entitled to have her case remanded back to the Montgomery County Circuit Court pursuant to 28 U.S.C.A. § 1447 (c) since defendant has not shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. Accordingly, Tammy Alexander respectfully requests that this Honorable Court enter an Order granting her motion to remand and taxing just costs and actual expenses, including attorneys' fees on Captain D's.

RESPECTFULLY SUBMITTED this 22nd day of May, 2006.

_____
**BENJAMIN H. FARROW (FAR040)**
**Attorney for Tammy Alexander**

OF COUNSEL:

**THE ANDERSON LAW FIRM, LLC**
7515 Halcyon Pointe Drive
Montgomery, AL 36117
(334) 272-9880

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following counsel of record at his proper mailing address by depositing a copy of same in the United States Mail, First Class, postage prepaid and affixed thereto; this the 22nd day of May, 2006.

_____
OF COUNSEL

Angela R. Rogers
Bradley Arant Rose & White LLP
Alabama Center of Commerce
401 Adams Av., Ste. 780
Montgomery, Alabama 36104