IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY ALEXANDER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    v. | ) | CIVIL ACTION NO. |
| | ) | 2:05cv797-MHT |
| CAPTAIN D's, LLC, | ) | (WO) |
| | ) | |
|    Defendant. | ) | |

OPINION AND ORDER

This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332 & 1441, is now before the court on plaintiff Tammy Alexander's motion to remand. Alexander contends that the amount in controversy is insufficient to confer diversity-of-citizenship jurisdiction. For the reasons that follow, the court concludes that Alexander's motion should be denied.

Section 1332 requires that the amount involved, exclusive of interest and costs, exceed $ 75,000. Alexander contends that employees of defendant Captain D's, LLC, served her iced tea mixed with bleach or some

other sanitizing solution and that she drank three gulps of it before realizing it contained bleach. Her complaint charges Captain D's with 13 counts, including strict liability in tort; breach of implied warranty of merchantability; negligence; wantonness; reckless misrepresentation; suppression; fraudulent misrepresentation; willful misrepresentation; willful deception; innocent misrepresentation; negligent, reckless, or wanton hiring, supervision, and retention; respondeat superior liability; and violation of the Alabama Deceptive Trade Practice Act, 1975 Ala. Code §§ 8-19-5 (7) & (27). The complaint seeks compensatory damages and punitive damages, as well as treble damages on the Deceptive Trade Practice Act claim, but does not list a specific amount that Alexander is seeking.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the

jurisdictional limit]." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Further, "[w]hen the complaint does not claim a specific amount of damages ... [and] the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, Captain D's has submitted deposition testimony from Alexander that demonstrates that the amount in controversy in this case exceeds $ 75,000. According to Alexander's testimony, she has missed about two months of work as a result of her injuries; she continues to experience numbness in her throat, difficulty swallowing, and digestive problems; and she incurred substantial medical costs and will require additional surgery. To summarize her own words, the incident completely changed

3

her life: she had to change her diet, her weight has been unstable, she continues to have sporadic physical and health consequences from the incident, and her relationship with her husband has suffered.  She also testified that the employees who served her the tea laughed before and after she drank the tea-and-bleach mixture and that she believes the employees purposely poisoned her.

Although Captain D's also cites "representative cases" from Alabama courts that it contends prove the value of this case, the factual backgrounds in those cases are not identical to the present case, so the court cannot draw any definitive conclusions from them.  Some juries may have awarded damages beyond the jurisdictional limit for similar causes of action, but that does not prove that a jury would award more than $ 75,000 on the particular facts of this case.

Nonetheless, the court concludes that the deposition testimony cited by Captain D's establishes "by a

4

preponderance of the evidence that the amount in controversy more likely than not exceeds" $ 75,000. <u>Tapscott</u>, 77 F.3d at 1357. Indeed, in light of the alleged intentional conduct of the Captain D's employees, the court cannot imagine that Alexander would recover less than the jurisdictional amount should a jury believe her version of events.

Alexander's counsel's refusal to stipulate that Alexander will not seek more than $ 75,000 in damages also supports this conclusion. Although "a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue," <u>Williams</u>, 269 F.3d at 1320, it is nonetheless some evidence of the value of the case.

Accordingly, it is the ORDERED that plaintiff Tammy Alexander's motion to remand (Doc. 12) is denied.

DONE, this the 14th day of June, 2006.

                                      /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE