IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05-cv-00797-MHT |
| | ) |
| CAPTAIN D's, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PRE-TRIAL HEARING**

A pretrial hearing was held in this case on August 21st, 2006 wherein, or as a result of which, the following proceedings were held and action taken:

1. **Parties and Trial Counsel.**

    a. Plaintiff Tammy Alexander will be represented at trial by Benjamin H. Farrow, The Anderson Law Firm, LLC, of Montgomery, Alabama.

    b. Defendant Captain D's, LLC, will be represented at trial by Charles A. Stewart, III, and George R. Parker, Bradley, Arant, Rose & White, LLP, of Montgomery, Alabama.

    **Counsel Appearing at Pre-trial Hearing.**

    a. Appearing for the Plaintiff: Benjamin H. Farrow.
    b. Appearing for the Defendant: George R. Parker.

2. **Jurisdiction and Venue.** Venue is proper in the United States District Court for the Middle District of Alabama, in that the events giving rise to these claims took place in the Northern Division of the Middle District of Alabama. Defendant contends jurisdiction is proper, as this matter was removed from the Circuit Court of Montgomery County.

3.      **Pleadings.**  The following pleadings (with the modifications contained in this order) have been allowed: Complaint on behalf of the Plaintiff; Answer on behalf of the Defendant.

4.      **Contentions of the Parties.**

    a.      Plaintiff's contentions:

        1.      On or about July 14, 2003, at approximately 9:00 p.m., Plaintiff Tammy Alexander purchased an iced tea from Captain D's located at 5444 Old Atlanta Highway in Montgomery, Alabama.

        2.      Tammy Alexander took three big gulps from the sealed cup before realizing the iced tea was actually a bleach-like substance or a sanitizing solution.

        3.      Tammy Alexander reported the problem to the manager of the Captain D's and immediately went to the hospital and contacted poison control.

        4.      The manager of the Captain D's, Mr. Larry Sanders, denies that the incident happened at all.

        5.      Shaquanta Pinkston, an employee of the Captain D's, confirmed the use of bleach to clean the urn and Mrs. Alexander's version of events.

        6.      Plaintiff avers that Defendant is strictly liable for serving the bleach to her.

        7.      Plaintiff avers that Defendant breached its implied warranty of merchantability.

        8.      Plaintiff avers that Defendant was negligent.

    **9.**    **Plaintiff avers that Defendant was wanton.**

    **10.**    **Plaintiff avers that Defendant recklessly misrepresented the contents of the tea urn.**

    **11.**    **Plaintiff avers that Defendant suppressed the fact that the tea urn contained bleach.**

    **12.**    **Plaintiff avers that Defendant misrepresented the contents of the tea urn to her.**

    **13.**    **Plaintiff avers that Defendant either negligently, willfully, or innocently misrepresented the contents of the tea urn to her.**

    **14.**    **Plaintiff avers that Defendant owed a duty to the Plaintiff of sufficient care in the hiring and retention of its agents, representatives, employees and other such persons conducting business on its behalf so as to ensure that the Plaintiff would not be served bleach.**

    **15.**    **Plaintiff avers that Defendant violated the Deceptive Trade Practices Act by representing that the tea was of a particular standard, quality, or grade when it was, in fact, bleach.**

    **16.**    **Plaintiff avers that she suffered compensatory and punitive damages as a result of her consuming a bleach-like substance.**

**b.**    **Defendant's contentions:**

    **1.**    **Defendant avers that the Plaintiff's Complaint fails to state a cause of action against it.**

2. **Defendant denies each and every material allegation in the Plaintiff's Complaint to the extent not admitted and demands strict proof thereof.**

3. **Defendant pleads the general issue.**

4. **Defendant contests the injuries and damages alleged in Plaintiff's Complaint and demands strict proof of any alleged injury or damage.**

5. **Defendant states that it is not indebted or liable to the Plaintiff in any manner or amount whatsoever.**

6. **Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint may have been the actions, non-actions, or negligence, or a combination thereof, of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable. Plaintiff is not, therefore, entitled to recover from Defendant in this action.**

7. **Defendant states that the injuries and damages alleged in Plaintiff's Complaint may have been caused by an intervening, superseding action for which Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from Defendant in this action.**

8. **Defendant avers the affirmative defense of contributory negligence.**

9. **Defendant avers the affirmative defense of assumption of the risk.**

10. **Defendant states that Plaintiff has failed to mitigate her damages.**

11. **Defendant asserts that Plaintiff's injuries and damages may have been the proximate consequence of the misuse of the products involved in this case.**

12. **Defendant pleads lack of causal relation.**

13. **Defendant asserts that the incident of which Plaintiff complains was a proximate consequence of the product at issue having been substantially and materially modified or altered.**

14. **Defendant pleads spoliation of evidence.**

15. **Defendant not liable for the intentional torts of its employees or for the criminal acts of third parties, including but not limited to, its employees.**

16. **Defendant has no duty to protect the Plaintiff from the criminal acts of a third party.**

17. **Plaintiff has failed to establish and cannot establish facts supporting an award of punitive damages, and Defendant asserts all of the defenses with respect to punitive damages set forth in its Answer.**

18. **Plaintiff has failed to identify an expert witness in this case and, therefore, cannot establish liability on those counts pled in her complaint which require such expert testimony.**

19. **Plaintiff cannot establish that any medical treatment rendered to the Plaintiff was reasonable and necessary or that charges incurred for such treatment were reasonable.**

5. **Stipulations of Fact by and Between the Parties:**

**The pertinent facts in this matter remain in dispute; however, the parties have engaged in communications regarding stipulation and, with the leave of the Court, will submit a list of stipulations prior to trial.**

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last one (1) day, are set for October 2, 2006, at 10:00 a.m., at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama 36104.

(2) The parties are to file their pre-trial briefs by September 27, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 22nd day of August, 2006.

_/s/ Myron H. Thompson_
**UNITED STATES DISTRICT JUDGE**