**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:05-cv-00797-MHT-CSC |
| | ) |
| CAPTAIN D's, LLC, | ) |
| | ) |
|     Defendant. | ) |

## OBJECTION TO PLAINTIFF'S EXHIBIT LIST

**Captain D's LLC** (hereinafter "Defendant") objects to the following exhibits proposed for use at trial by the Plaintiff:

1. Drinking cup that contained the bleach water.

**Captain D's Objection:**

> Captain D's objects based on lack of foundation. To date no testimony has been provided by the Plaintiff that proposed Exhibit 1 was the actual drinking cup that contained the liquid allegedly consumed by the Plaintiff and as such the Defendant objects to its admission into evidence. Further, the evidence will show that the Plaintiff refused to allow the Defendant to retain the cup and liquid inside said cup on the night of the incident, as a result, the liquid was not preserved and no longer exists, prejudicing the Defendant.

2. Medical Records of Baptist Medical Center for July 14, 2003 emergency room visit of Plaintiff.

**Captain D's Objection:**

    a) The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b) The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c) Captain D's objects based on lack of foundation;

    d) Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)    The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)    Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". The Defendant objects to the carte blanche admission of the exhibit listed above without the Plaintiff laying a proper predicate for its admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to this exhibit or any medical documents being introduced into evidence which have not been properly authenticated.

3.    Medical Records of PriMed Taylor Crossing for the July 15, 16, 2003 emergency room visit of Plaintiff.

**Captain D's Objection:**

    a)    The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)    The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)    Captain D's objects based on lack of foundation;

    d)    Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)    The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)    Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". The Defendant objects to the carte blanche admission of this exhibit without the Plaintiff laying a proper predicate for its admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter

    of common knowledge"). As such, the Defendant objects to any medical documents listed being introduced into evidence which have not been properly authenticated.

4.  Alabama Poison Center record (Case no. 171965) of July 16, 2003.

  **Captain D's Objection:**

   a)  The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

   b)  The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

   c)  Captain D's objects based on lack of foundation;

   d)  Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

   e)  The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

   f)  The Defendant objects to the carte blanche admission of this exhibit without the Plaintiff laying a proper predicate for its admission and/or without a representative from Alabama Poison Control providing testimony regarding the authenticity of said records;

5.  Medical Records of Baptist Medical Center for October 15, 2003, Esophago gastroduodenoscopy of Plaintiff produced in response to Defendant's Requests for Production.

  **Captain D's Objection:**

   a)  The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

   b)  The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

   c)  Captain D's objects based on lack of foundation;

   d)  Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

   e)  The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

   f)  Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving

up" said medicals and bills. The Defendant objects to the carte blanche admission of this exhibit without the Plaintiff laying a proper predicate for its admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

6. Fortis Insurance Company Insurance policy and Explanation of Benefits dated 8/14/03, 8/28/03, 11/14/03, and 11/19/03.

**Captain D's Objection:**

a) The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

b) The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

c) Captain D's objects based on lack of foundation;

d) Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

e) The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

f) The Defendant objects to the carte blanche admission of the exhibit listed above without the Plaintiff laying a proper predicate for its admission and/or without a representative from Fortis Insurance Company Insurance providing testimony regarding the authenticity of said records;

7. Documents produced in response to Defendant's Rule 45 Subpoena issued on March 23, 2006 to CVS Pharmacy, Rite Aid Pharmacy, PriMed, Fortis Health and Henry Duncan.

**Captain D's Objection:**

a) The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

b) The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)     Captain D's objects based on lack of foundation;

    d)     Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)     The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)     Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". The Defendant objects to the carte blanche admission of these exhibits without the Plaintiff laying a proper predicate for their admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

8.     Documents produced in response to Defendant's Rule 45 Subpoena issued on July 24, 2006 to Dr. Scott Harris, Dr. Victor Pena, Montgomery Radiology Associates PA, Dr. Allan C. Muller, Dr. Curtis E. McLemore, Dr. William P. White, Haynes Ambulance, Dr. Shaikh Wahiduzzaman and Baptist Medical Center South.

**Captain D's Objection:**

    a)     The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)     The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)     Captain D's objects based on lack of foundation;

    d)     Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)     The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)     The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission;

    g)     Said proposed exhibit included several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving

up". Additionally the Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

9. Documents produced in response to Defendant's Rule 45 Subpoena issued on July 31, 2006 to Dr. Patricia Elliot.

**Captain D's Objection:**

a) The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

b) The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

c) Captain D's objects based on lack of foundation;

d) Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

e) The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

f) Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". The Defendant objects to the carte blanche admission of this exhibit without the Plaintiff laying a proper predicate for its admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

10. Documents produced in response to Defendant's Rule 45 Subpoena issued on August 1, 2006 to Checker Drive-in Restaurants.

**Captain D's Objection:**

    a)      The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)      The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)      Captain D's objects based on lack of foundation;

    d)      Captain D's objects to the exhibit to the extent that it is irrelevant and/or immaterial;

    e)      The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)      The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission and/or without a representative from Checkers providing testimony regarding the authenticity of said records;

11.     Documents produced by Defendant in response to Plaintiff's Interrogatories and Requests for Production of Documents served on June 21, 2006.

**Captain D's Objection:**

It is not believed that any production accompanied any response made to the discovery request referenced above. To the extent any such documents were provided, the Defendant objects to any exhibits being allowed into evidence and asserts:

    a)      The documents may contain inadmissible hearsay and as such are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)      The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)      Captain D's objects based on lack of foundation;

    d)      Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)      The documents may contain hearsay within hearsay that would be barred by rule 805 of the Federal Rules of Evidence;

    f)      The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission;

    g)    Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will apparently will attempt to introduce into evidence without "proving up". Additionally the Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See <u>Dun & Bradstreet Corp. v. Jones</u>, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

12.    Material Safety Data Sheet for Sodium Hypochlorite Bleach from the Clorox Company prepared 05/05.

**Captain D's Objection:**

    The Defendant objects to the proposed exhibit in that no predicate has been laid to establish that Sodium Hypochloride Bleach from the Clorox Company was ever used at the Atlanta Highway Captain D's store. No evidence has been provided to establish that Sodium Hypochlorite Bleach from the Clorox Company was in the tea consumed by the Plaintiff on the date of this incident or that the cleaning solution allegedly consumed by the Plaintiff was Sodium Hypochloride Bleach from the Clorox Company. As such the admission of such data sheet regarding the product referenced above would be inadmissible as irrelevant, hearsay and not properly authenticated.

13.    Captain D's health records produced by the Montgomery County Health Department, Environmental Division.

**Captain D's Objection:**

    a)    The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)    The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)    Captain D's objects based on lack of foundation;

    d)    Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

  e)  The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

  f)  The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission and/or without a representative from the Montgomery County Health Department, Environmental Division, providing testimony regarding the authenticity of said records;

14. KY "sanitizing bleach tablet".

**Captain D's Objection:**

  The Defendant objects to the proposed exhibit in that the Defendant has not seen the KY sanitizing tablet that has been proposed by the Plaintiff as an exhibit. Insufficient evidence has been provided to establish that KY "sanitizing bleach tablet" was in the tea consumed by the Plaintiff on the date of this incident. It is unknown if such exhibit exists. As such, the admission of such tablet would be inadmissible as irrelevant, hearsay, and not properly authenticated.

15. Any and all invoices and medical records of the Plaintiff generated by any health care provider who either evaluated or treated the Plaintiff.

**Captain D's Objection:**

  a)  The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

  b)  The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

  c)  Captain D's objects based on lack of foundation;

  d)  Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

  e)  The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

  f)  The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission;

  g)  Said proposed exhibit is one of several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". Additionally the Defendant objects to the carte blanche admission of this exhibit without the Plaintiff laying a proper predicate for their admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have

not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

16. Any and all documents and exhibits produced in response to discovery.

**Captain D's Objection:**

    a)    The documents contained inadmissible hearsay and are inadmissible pursuant to rules 801 and 802 of the Federal Rules of Evidence;

    b)    The documents have not been properly authenticated and are inadmissible pursuant to rule 901 of the Federal Rules of Evidence;

    c)    Captain D's objects based on lack of foundation;

    d)    Captain D's objects to the exhibits to the extent that they are irrelevant and/or immaterial;

    e)    The documents contain hearsay within hearsay and are barred by rule 805 of the Federal Rules of Evidence;

    f)    The Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission;

    g)    Said proposed exhibit may contain several groups of medical records and bills that the Plaintiff will attempt to introduce into evidence without "proving up". Additionally the Defendant objects to the carte blanche admission of the exhibits listed above without the Plaintiff laying a proper predicate for their admission. Any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See Dun & Bradstreet Corp. v. Jones, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"). As such, the Defendant objects to any medical documents being introduced into evidence which have not been properly authenticated.

17. Any exhibit listed and/or used by any other party to this litigation.

**Captain D's Objection:**

1/1491188.1                                    10

      The Defendant incorporates by reference its objection made in No. 16.

18.   Plaintiff specifically reserves the right to amend this witness and exhibit list as discovery is ongoing.

**Captain D's Objection:**

      The Defendant incorporates by reference its objection made in No. 16.

The Defendant reserves the right to supplement these objections.

      Respectfully submitted,

      s/George R. Parker
      Charles A. Stewart III (STE067)
      Angela R. Rogers (RAI017)
      George R. Parker (PAR086)
      Bradley Arant Rose & White LLP
      Alabama Center for Commerce
      401 Adams Avenue, Suite 780
      Montgomery, AL 36104
      Telephone: (334) 956-7700
      Facsimile: (334) 956-7701

      **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 15th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Benjamin H. Farrow
      The Anderson Law Firm
      7515 Halcyon Pointe Drive
      Montgomery, AL  36117

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: not applicable.

        s/ George R. Parker
        George R. Parker (PAR086)
        Bradley Arant Rose & White LLP
        The Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        Telephone: (334) 956-7700
        Facsimile: (334) 956-7701
        Email: gparker@bradleyarant.com