RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05-cv-00797-MHT-CSC |
| | ) |
| CAPTAIN D's, LLC, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTIONS IN LIMINE

Captain D's LLC ("Captain D's" or "Defendant") files the following Motions in Limine:

## MOTION IN LIMINE #1

## (MEDICAL RECORDS, MEDICAL BILLS, AND OTHER DOCUMENTS THAT ARE NOT PROPERLY AUTHENTICATED)

Defendant Captain D's, LLC ("Captain D's"), moves this Court for an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony about, the Plaintiff's medical records, medical bills, and other documents that are not properly authenticated. In support of this motion, Captain D's states as follows:

1. Captain D's anticipates that the Plaintiff may attempt to discuss or introduce into evidence medical records, medical bills, or other documents from third parties that have not been properly certified or authenticated. Captain D's objects to any such documents being introduced into evidence which have not been properly authenticated. Objections to medical records offered by the Plaintiff as exhibits

1/1492388.1

were made by the Defendant in its *Objection to Plaintiff's Exhibit Lists,* previously filed with the court.

2. Captain D's further objects to records and testimony being introduced regarding any of the Plaintiff's medical conditions unless a physician has stated that it his or her opinion to a reasonable degree of medical certainty, that the Plaintiff has such a condition(s), that the condition(s) is based upon a reasonable certainty, and that the condition(s) was proximately caused by the incident alleged in the Plaintiff's Complaint.

3. The Plaintiff has failed to establish that and of the medical treatment she received was reasonable and necessary. She has also failed to establish that any medical expenses incurred were reasonable. Therefore, any questioning, implication, inferences, or statements regarding the medical records, medical bills, or other documents that have not been properly certified or authenticated would be inadmissible under Alabama law. See <u>Dun & Bradstreet Corp. v. Jones</u>, 678 So. 2d 181, 187 (Ala. Civ. App. 1996) (stating "[t]here is no basis for awarding compensation on the basis of a medical charge where there is no evidence that the charge is reasonable, because the reasonableness of a medical charge is not a matter of common knowledge"); Ala. R. Evid. 901.

4. Further, the Plaintiff should not be allowed to speculate as to the causation of the medical problems she has allegedly suffered from since this incident alleged in the complaint or testify regarding the medical treatment rendered, especially in light of the fact that apparently the Plaintiff will not call any of her medical

providers as witnesses in this matter and as such no medical testimony will be introduced via either deposition or live.

WHEREFORE, premises considered, Captain D's, LLC requests that this Court enter an Order precluding the Plaintiff, the Plaintiff's witnesses, and the Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions about, or offering any evidence of, the Plaintiff's medical records, conditions, medical bills, and other documents that are not properly authenticated.

## MOTION IN LIMINE # 2

## (HIATAL HERNIA OR OTHER MEDICAL CONDITIONS)

Defendant Captain D's, Inc. ("Captain D's"), moves this Court for an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony about, specifically an alleged hiatal hernia or generally, any other medical condition stemming from the incident alleged in the complaint. In support of this motion, Captain D's states as follows:

1. Captain D's anticipates that the Plaintiff may attempt to testify that she developed a hiatal hernia due to allegedly drinking tea containing bleach and that the condition will require surgery and/or medical treatment in the future. No medical provider has been deposed in this case or provided any testimony verifying the presence of a hiatal hernia. Additionally, no medical testimony has been given regarding the cause, prognosis and/or future treatment of the hernia, if one even exists. Because the Plaintiff does not possess the education, training, or experience in the specialized field of medicine that would qualify her to render medical opinions, she should not be able to provide any testimony regarding any of her medical conditions, her perception of the causation of any conditions or her opinions regarding future treatment and the cost of any such treatment.

2. Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

3. It is anticipated that no medical testimony will be introduced via either deposition or live by the Plaintiff. As such, Plaintiff simply has no qualified and sufficient evidence whatsoever to support any claim that she suffered a hiatal hernia or any medical damage.

WHEREFORE, premises considered, Captain D's, Inc. requests that this Court enter an Order precluding the Plaintiff, the Plaintiff's witnesses, and the Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions about, or offering any evidence regarding the Plaintiff's medical conditions or the cause of any of her medical problems and/or treatment if the same.

## MOTION IN LIMINE # 3

## (INSURANCE COVERAGE)

Defendant Captain D's, Inc. ("Captain D's"), moves this Court for an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony about, Captain D's having liability insurance coverage. In support of this motion, Captain D's states as follows:

1. Any questioning, testimony, or argument on the issue of insurance, of any insurance adjuster, or the fact Captain D's has liability insurance is entirely inadmissible, irrelevant, and contrary to public policy.

2. Rule 411 of the Federal Rules of Evidence provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Additionally, the Alabama Supreme Court has recognized that "[i]t is the general rule in Alabama that it is prejudicial and irreversible error to allow testimony that shows or tends to show that a party is indemnified in any degree or fashion by an insurance company." Partridge v. Miller, 553 So. 2d 585, 589 (citing Robins Eng., Inc. v. Cockrell, 354 So. 2d 1 (Ala. 1978)).

WHEREFORE, premises considered, Captain D's, Inc. requests that this Court enter an Order precluding the Plaintiff, the Plaintiff's witnesses, and the Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or

reference to, or asking any questions about, or offering any evidence of, Captain D's having liability insurance coverage.

## MOTION IN LIMINE # 4

### (HEARSAY)

Defendant Captain D's, Inc. ("Captain D's"), moves this Court for an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony that is hearsay by others. In support of this motion, Captain D's states as follows:

1. Captain D's objects to the Plaintiff testifying regarding what any of her medical providers may have told her regarding her medical condition, prognosis, treatment plan, medicine taken, and causation of any medical condition.

2. Captain D's objects to the Plaintiff or any witness testifying about what any of the Captain D's employees may have said on the night of the incident without their testifying and making themselves available for cross-examination.

3. Captain D's objects to the Plaintiff or any witness giving testimony regarding any communication with the Poison Control Board or Fortis Insurance Company without a representative from the above referenced entities testifying and making themselves available for cross-examination.

WHEREFORE, premises considered, Captain D's, Inc. requests that this Court enter an Order precluding the Plaintiff, the Plaintiff's witnesses, and the Plaintiff's attorney from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions about, or offering any evidence regarding the Plaintiff's medical conditions or the surrounding events of the alleged incident without all parties present to testify live in court and to make themselves available for cross-examination.

1/1492388.1

8

Respectfully submitted,

/s/ George R. Parker
Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Benjamin H. Farrow
The Anderson Law Firm
7515 Halcyon Pointe Drive
Montgomery, AL 36117

By email and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this __18__ day of __Sept__, 2006.

_____
OF COUNSEL