RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GERALD HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TAMMY ALEXANDER,

     Plaintiff,     )
                      )

v.                    )     Case No. 2:05-cv-00797-MHT-CSC
                      )

CAPTAIN D's, LLC,     )
                      )

     Defendant.     )

## PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant Captain D's, LLC ("Captain D's"), submits these proposed jury instructions. The Defendant requests leave to amend and supplement these instructions in accordance with the evidence presented during the trial and any rulings of law the Court may render during the course of these proceedings.

Respectfully submitted,

_George R. Parker_
Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

> Benjamin H. Farrow
> The Anderson Law Firm
> 7515 Halcyon Pointe Drive
> Montgomery, AL  36117

By email and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___18___ day of ___Sept___, 2006.

_____
OF COUNSEL

## Proposed Jury Instruction No. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 2.2).

**Proposed Jury Instruction No. 1, page 2**

                                               _____
                                               U.S. DISTRICT JUDGE

APPROVED            ____

DISAPPROVED     ____

## Proposed Jury Instruction No. 2

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part.    Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 3).

_____
U.S. DISTRICT JUDGE

APPROVED            ____

DISAPPROVED       ____

## Proposed Jury Instruction No. 3

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 4.1).

_____
U.S. DISTRICT JUDGE

APPROVED          ____

DISAPPROVED       ____

## **Proposed Jury Instruction No. 4**

In this case it is the responsibility of the Plaintiff, Ms. Alexander, to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 6.1).


_____
U.S. DISTRICT JUDGE

APPROVED         ____

DISAPPROVED      ____

1/1492450.1                                                          7

## Proposed Jury Instruction No. 5

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 7.1).

**Proposed Jury Instruction No. 5, page 2**

_____
U.S. DISTRICT JUDGE

APPROVED          ____

DISAPPROVED       ____

## Proposed Jury Instruction No. 6

In this case the Plaintiff claims that the Defendant was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff. Specifically, the Plaintiff alleges that the Defendant served sweet tea containing bleach to the Plaintiff.

In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:

*First*:  That the Defendant was "negligent;" and

*Second*:  That such negligence was a "legal cause" of damage sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in *doing* something that a reasonably careful person would *not* do under like circumstances, or in *failing* to do something that a reasonably careful person *would* do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such

1/1492450.1                                                                                          10

damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.  Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant.  If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was also negligent and that such negligence was a legal cause of the Plaintiff's own injury.  This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

*First*:  That the Defendant was "negligent;" and

*Second*:  That such negligence was a "legal cause" of damage sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

If you find that the Plaintiff was also negligent and that such negligence

contributed however slightly to the Plaintiff's own damages, then the Plaintiff is barred from any recovery in this action, and your verdict would be for the Defendant.

If the evidence proves negligence on the part of the Defendant that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for

those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no other;

    (a)    Medical and hospital expenses, past and future

    (b)    Mental or physical pin and anguish, past and future

    (c)    Net lost wages and benefits to the date of trial

    (d)    Net lost wages and benefits in the future

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.]

## SPECIAL INTERROGATIORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1.    That the Defendant was negligent in the manner claimed by the Plaintiff and that such negligence was legal cause of damage to the Plaintiff?

Answer Yes or No          _____

2.    That the Plaintiff also was negligent in the manner claimed by the Defendant ant that such negligence was a legal cause of the Plaintiff's own damage?

Answer Yes or No          _____

3.    If you answered "Yes" to Question One, what sum of money do you find from a preponderance of the evidence to be the total amount of the Plaintiff's damages (without adjustment by application of any percentages you may have given in answer to Question Three)?

    (a)    Medical and hospital expenses, past and future  $_____

    (b)    Mental or physical pain and anguish, past and Future          $_____

    (c)    Net lost wages and benefits to the date of trial  $_____

    (d)    Net lost wages and benefits in the future [reduced to present value]          $_____

SO SAY WE ALL

_____
Foreperson

DATED: _____

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – State Claims Instruction 1.1).

**Proposed Jury Instruction No. 6, page 6**

_____
U.S. DISTRICT JUDGE

APPROVED            ____

DISAPPROVED       ____

## Proposed Jury Instruction No. 7

PERSONAL INJURY - MEDICAL EXPENSES

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay [and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future]. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.


APJI 11.09


_____
U.S. DISTRICT JUDGE

APPROVED          ____

DISAPPROVED       ____

## Proposed Jury Instruction No. 8

### MITIGATION

It is the duty of one injured and/or damaged to exercise ordinary care to reduce her damages: she is bound to exercise such care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate the damages. She can recover only such damages as would have been sustained had such care been exercised.

APJI 11.29

_____
U.S. DISTRICT JUDGE

APPROVED        ____

DISAPPROVED     ____

**<u>Proposed Jury Instruction No. 9</u>**

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's [federally protected] rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's [federally protected] rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Supplemental Damages Instructions 2.1).

**Proposed Jury Instruction No. 9, page 2**

                                                  _____

                                                  U.S. DISTRICT JUDGE

APPROVED         \_\_\_\_

DISAPPROVED     \_\_\_\_

### Proposed Jury Instruction No. 10

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict with special interrogatories has been prepared for your convenience. [Explain special interrogatories]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

(Adapted from the Eleventh Circuit Civil Pattern Jury Instructions – Basic Instruction 8).

**Proposed Jury Instruction No. 10, page 2**

_____
U.S. DISTRICT JUDGE

APPROVED            \_\_\_\_

DISAPPROVED            \_\_\_\_