IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:05-cv-00797-MHT-CSC |
| | ) |
| CAPTAIN D's, LLC, | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT'S PRE-TRIAL BRIEF

COMES NOW Defendant, Captain D's, LLC, by and through its counsel, and submits the following Pre-Trial Brief in accordance with this Court's Pre Trial Order.

## INTRODUCTION

Plaintiff's complaint alleges that she was served bleach in a glass of tea by Captain D's. She initially charged Captain D's with 13 counts, including strict liability in tort; breach of implied warranty of merchantability; negligence; wantonness; reckless misrepresentation; suppression; fraudulent misrepresentation; willful misrepresentation; willful deception; innocent misrepresentation; negligent, reckless, or wanton hiring, supervision, and retention; respondeat superior liability; and violation of the Alabama Deceptive Trade Act, 1975 Ala. Code § 8-19-5(7) & (27). At pretrial, the count for Deceptive Trade Act was dismissed. The complaint seeks compensatory damages and punitive damages, but does not list a specific amount that Alexander is seeking. The Defendant incorporates by reference the defenses it pled in its Answer, including but not limited to a denial of the material allegations of the Plaintiff's complaint. Further, the Defendant contests the alleged damages claimed by the Plaintiff. It is unclear if the Plaintiff

intends to pursue all of the counts contained in her complaint in that Proposed Jury Charges have not been filed with the Court by the Plaintiff.

## FACTUAL BACKGROUND

Tammy Alexander claims in her complaint that on July 14, 2003 she purchased an iced tea from Captain D's from the Atlanta Highway Captain D's restaurant in Montgomery, Alabama. In her complaint she claims that she took three big gulps from the sealed cup before realizing that the iced tea was actually a bleach-like substance or a sanitizing solution. It is anticipated that in addition to the Plaintiff, the Plaintiff will call as a witness her husband, who was with the Plaintiff on the night of the incident, and other "friend and family" witnesses who might testify about damage related issues. The Defendant has been advised that Shaquanta Pinkston, an ex Captain D's cashier on duty on the night of the incident, and Lois Dorough, a representative of the Poison Control, have been subpoenaed for trial by the Plaintiff.

The Defendant will call Captain D's manager on duty on the night of the incident, Larry Sanders. He has given a deposition in this case and testified that Alexander placed her order and came back up to the cashier after receiving her drink. The cashier (it is assumed Pinkston) told Sanders that the Plaintiff needed to see him and he was informed by the Plaintiff that her drink had sanitizer water in it. Sanders asked the Plaintiff if he could have the cup to smell what may have been in it and she refused his request to examine the cup and eventually she left with her husband. He testified that after the Plaintiff left, he checked the tea remaining in the urn and it did not smell like sanitizer and as such, tea was served to additional customers with no complaints. No evidence has been provided suggesting that any customer, other than the Plaintiff, made complaints about the tea on the night of the alleged incident.

## DAMAGES

If the jury believes the Plaintiff's version of events, it is unclear what damages she will be able to prove at trial. The Defendant has objected to any and all medical bills and records being introduced into evidence that are not properly "proven up" for trial. No doctor's depositions have been noticed or taken and it is anticipated that no doctor will testify at trial live. It is the Defendant's position that the Plaintiff should not be allowed to present to the jury any medical bills, because none have been proven as being reasonable, necessary or proximately caused by this incident. The Plaintiff had health insurance at the time of this incident and upon information and belief, her insurer has requested an amount less than $100 in subrogation as a result of the incident. It is unclear what, if any, lost wages the Plaintiff will attempt to prove at trial, or what other damages she may request from the jury. It is not believed that the Defendant's conduct warrants any punitive damage consideration by the jury.

## LEGAL ISSUES

As mentioned earlier, it is unclear which counts the Plaintiff will attempt to have the jury consider, but it appears that many of the pled counts have no applicability to the facts of this case. The Defendant anticipates requesting the dismissal of the Plaintiff's claims that are not applicable at an appropriate time during trial.

        Respectfully submitted,

        s/George R. Parker
        Charles A. Stewart III (STE067)
        Angela R. Rogers (RAI017)
        George R. Parker (PAR086)
        Bradley Arant Rose & White LLP
        Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        Telephone: (334) 956-7700
        Facsimile: (334) 956-7701

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 27th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Benjamin H. Farrow
        The Anderson Law Firm
        7515 Halcyon Pointe Drive
        Montgomery, AL  36117

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: not applicable.

        s/ George R. Parker
        George R. Parker (PAR086)
        Bradley Arant Rose & White LLP
        The Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        Telephone: (334) 956-7700
        Facsimile: (334) 956-7701
        Email: gparker@bradleyarant.com