IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.2:05-cv-00797-MHT-CSC |
| | ) |
| CAPTAIN D's LLC, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE and OBJECTION TO PLAINTIFF'S EXHIBIT LIST**

Comes Now Plaintiff and files this response to Defendant's Motions in Limine and Objection to Exhibit list. In short, Defendant objects to the presentation of testimony about Plaintiff's medical records, medical bills and other documents arguing that the documents are not: (a) authentic and (b) are hearsay.

**A.     Plaintiff's medical records, medical bills and other documents are authentic under *Rule 902(11)* of the *Federal Rules of Evidence.***

The records at issue are medical records that were produced to Defendant by the Plaintiff's health care providers in accordance with their properly issued *Federal Rules of Civil Procedure, Rule 45* subpoenas. The documents produced were issued with an authentication statement by the medical provider. *Rule 902* of the *Federal Rules of Evidence* provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to certain documents. *Rule 902* reads in pertinent part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (11) Certified Domestic Records of Regularly Conducted Activity.--The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> (B) was kept in the course of the regularly conducted activity; and
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

It is quite clear from an examination of the records listed in Plaintiff's Exhibit List that the dictates of *Rule 902(11)* have been met. Also, Despite the reference in Rule 803(6) to the testimony of the custodian or other qualified witness, such testimony is not required in the occasional case where the requirements for qualification as a business record can be satisfied by documentary evidence. *29A Am. Jur. 2d Evidence § 1311*.

Plaintiff also notes that business records are presumed reliable, for two general reasons: 1) employees generating these records are motivated to accurately prepare these records because their employer's business depends on records to conduct its business affairs; and 2) routine and habit of creating these records also lends reliability. These reasons are further strengthened when the records are medical records.

There has been no submission by the Defendant that the records are not what they purport to be. A contention that business records offered as evidence are inaccurate and incomplete is an assault on the weight of the evidence, not on its admissibility. *Moss v. Ole South Real Estate,*

*Inc.*, 933 F.2d 1300, 1307 (5th Cir.(Miss.) Jun 26, 1991) See also: 31 Fed. Prac. & Proc. Evid. § 7134 (stating: "If an item is self-authenticating under Rule 902, the authenticity of that item is established for purposes of deciding admissibility even though the opponent has evidence disputing authenticity.")

Plaintiff, finally notes, without providing the "outcome determinative" analysis mandated by Erie R. Co. v. Tompkins, U.S.N.Y.1938, 58 S.Ct. 817, 304 U.S. 64, 82 L.Ed. 1188, 11 O.O. 246, conformed to 98 F.2d 49, certiorari denied 59 S.Ct. 108, 305 U.S. 637, 83 L.Ed. 410, rehearing denied 59 S.Ct. 229, 305 U.S. 673, 83 L.Ed. 436 and its progeny that *Section 12-21-5, Code of Alabama (1975)* provides that "when certified and affirmed by the custodian of said hospital records as provided in Section 12-21-7, shall be admissible in evidence, without further proof in any court in the state where admissible." It is clear that under Federal Rules of Evidence, Rule 902(11) and Alabama law that Plaintiff's exhibits have been properly authenticated. Plaintiff suggests that for the foregoing reasons Defendant's Motions in limine and Objection to Plaintiff's Exhibit List regarding plaintiff's medical records, medical bills and other records be denied.

**B.     Plaintiff's medical records, medical bills and other documents are not hearsay under *Rule 803(2), (3), (4) and (6)* of the *Federal Rules of Evidence.***

Plaintiff submits that a number of exceptions to the hearsay rule (*Rule 802, Federal Rules of Evidence*) apply to defeat Defendant's objections to the submission of plaintiff's medical records, medical bills and other documents.

*Rule 803(2)* of the *Federal Rules of Civil Procedure* provide that:

> A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

This exception presupposes that the declarant blurted out a remark while under the influence of a startling event, so that it is unlikely that the remark was the product of conscious thought or reflection, but was probably accurate. Surely, any remarks made by a treating physician in an emergency room setting after his patient has been vomiting blood would be considered to be excited utterances.

*Rule 803(3)* of the *Federal Rules of Civil Procedure* provides that:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Under this exception from the hearsay rule for out-of-court statements as to the declarant's then-existing mental, emotional, or physical condition, a statement which is hearsay is nonetheless admissible. The exception encompasses four types of out-of-court statements: (1) present bodily condition, (2) present state of mind or emotion, offered to prove a state of mind or emotion of the declarant that is "in issue" in the case, (3) present state of mind such as intent, plan, or design, offered to show that the declarant subsequently acted in conformance with this state of mind, and (4) statements of a testator indicating his or her state of mind, offered on certain issues in a will case. Clearly, statements made to a treating physician after ingesting bleach while attempting to get treatment for that bodily injury are admissible under the first three types of statements.

*Rule 803(4)* of the *Federal Rules of Evidence* provides that:

> Statements for purposes of medical diagnosis or treatment. --Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The reason for this exception is that statements made to nurse or doctor concerning medical history, treatment, and diagnosis, is based upon fact that patient afflicted has a very strong incentive to speak candidly with his or her doctor. There has been no showing that any statements to be made by plaintiff will be anything other than statements to her treating physicians regarding her consumption of bleach water and its subsequent health effects.

> Lastly, *Rule 803(6)* of the *Federal Rules of Evidence* provides that:
>
> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

For, for the same reasons that the medical records are deemed authentic under *Rule 902(11)* they may be considered an exception to the hearsay bar of *Rule 802*.

Finally, so long as regard is paid to indispensable, fundamental trustworthiness of a proffered record the Federal Rules of Evidence are to be liberally interpreted. Thus, Defendant's Motions and Limine and Objection to Plaintiff's Exhibit List is to be denied and taken under submission as the documents and/or testimony are solicited at trial.

s/ Benjamin H. Farrow
_____
**BENJAMIN H. FARROW**
**Bar Number:  ASB-4752-O74B**
**Attorney for Plaintiff**
**The Anderson Law Firm, L.L.C.**
**7515 Halcyon Pointe Drive**
**Montgomery, AL  36117**
**Telephone:  (334) 272-9880**
**Fax:  (334) 272-2551**
**E-mail:  bfarrow@theandersonlawfirm.com**

OF COUNSEL:

**THE ANDERSON LAW FIRM, LLC**
7515 Halcyon Pointe Drive
Montgomery, AL 36117
(334) 272-9880

**CERTIFICATE OF SERVICE**

  I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following counsel of record at his proper mailing address by depositing a copy of same in the United States Mail, First Class, postage prepaid and affixed thereto; this the 23rd day of August, 2006.

Angela R. Rogers
George Parker
Charles A. Stewart
Bradley Arant Rose & White LLP
Alabama Center of Commerce
401 Adams Av., Ste. 780

Montgomery, Alabama 36104

        s/ Benjamin H. Farrow

**BENJAMIN H. FARROW**
**Bar Number:  ASB-4752-O74B**
**Attorney for Plaintiff**
**The Anderson Law Firm, L.L.C.**
**7515 Halcyon Pointe Drive**
**Montgomery, AL  36117**
**Telephone:  (334) 272-9880**
**Fax:  (334) 272-2551**
**E-mail:  bfarrow@theandersonlawfirm.com**